IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Timothy W. Eddington, #294715, ) | |
| ) | Civil Action No. 8:04-1891-RBH-BHH |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Lee County Correctional ) | |
| Institution; Medical Department; ) | |
| and Correctional Officer Johnson, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff originally sued five defendants: South Carolina Department of Corrections (SCDC), Lee Correctional Institution (LCI), LCI Medical Department, Associate Warden Bell, and Correctional Officer Johnson. Prior to issuance of process, this court filed a report recommending that defendants Bell and SCDC be dismissed from this action. This recommendation, to which no objections were filed, was adopted by United States District Judge R. Bryan Harwell, by order filed January 10, 2005. The court thus authorized service of process against only LCI, Medical Department and Officer Johnson. By order dated December 17, 2004, this court noted that service of process could not be effected on defendant Johnson and required the plaintiff to provide a more accurate address for the defendant Johnson by January 3, 2005. No such address was ever submitted by the plaintiff.

The plaintiff's complaint is somewhat vague and rambling. It appears that the plaintiff is alleging that the defendants failed to provide him with proper medical care while he was an inmate at LCI. The plaintiff also makes allegations about threats being made against him and his family and about being "black-balled" by prison officials. The plaintiff also appears to complain about his classification status. In his request for relief, the plaintiff asks for "damages for my mental stress of fear for my life" and also requests that he be sent to the state mental hospital for "a mental evaluation outside of SCDC custody to show what mental problems has come from the mental stress."

On February 7, 2005, the only two defendants who have been served, LCI and Medical Department, filed a motion for summary judgment. By order filed February 9, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On March 14, 2005, the plaintiff filed a response in opposition to the motion for summary judgment. The plaintiff also filed a motion to compel and motion to produce on February 11, 2005, and a second motion to compel on February 16, 2005.

## APPLICABLE LAW

Rule 56(c) of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact

is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

## **ANALYSIS**

The defendants contend that the plaintiff has not sued the proper defendants. A cause of action under §1983 is stated by alleging a deprivation of a right secured by the

3

Constitution or other law of the United States by a person acting under color of state law. The defendant LCI consists of buildings, facilities and grounds. The defendant Medical Department is simply a department, or part of, the defendant LCI. Inanimate objects – such as buildings, facilities and grounds – do not act under color of state law. Hence, these defendants are not "persons" subject to suit under 42 U.S.C. §1983. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 70-71(1989)(arm of state not "person" for §1983 purposes); *Fischer v.* Cahill, 474 F.2d 991, 992 (3rd Cir. 1973); *Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison are not "person[s]" subject to suit under 42 U.S.C. §1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310(E.D.Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. 1983); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301(E.D.N.C. 1989)(Claims under "1983 are directed at 'persons' and the jail is not a person amenable to suit."). As a result, the two remaining defendants, LCI and Medical Department should be dismissed from this action.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based on the foregoing, it is recommended that the defendants' motion for summary judgment be granted. It is further recommended that as to defendant Johnson, the action be dismissed for failure to prosecute. All pending nondispositive motions are held in abeyance pending the district judge's disposition of the motion for summary judgment. Should the district judge adopt this court's recommendation, these motions will be rendered moot.

s/Bruce H. Hendricks<br>United States Magistrate Judge

July 28, 2005

Greenville, South Carolina